UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Roy and Sofia Hard, | ) | Case No. 12-33229 |
| | ) | Chapter 13 |
| Debtors | ) | Judge Bruce W. Black |
| | ) | |
| Roy and Sofia Hard | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Adv. Case 12-01441 |
| | ) | |
| Webster Bank | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM DECISION**

This matter is before the court for decision on the Motion for Summary Judgment filed by Webster Bank, the Defendant, in this adversary proceeding. The Debtors commenced this adversary proceeding to avoid the Defendant's junior mortgage lien on the Debtors' residence. For the reasons set forth below, this Court holds that hypothetical costs should not be deducted when determining valuation under section 506(a) and further that Debtors cannot strip the Defendant's junior mortgage lien. This Court will enter judgment in favor of the Defendant in the adversary.

**I.     Background**

On August 21, 2012, Debtors Roy and Sofia Hard filed a voluntary petition under chapter 13 of the Bankruptcy Code.[1] In the schedule A accompanying the chapter 13

---

[1]     11 U.S.C. § 101 *ff.* Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

petition, Debtors listed their residence at 10310 195th Street, Mokena, Illinois, as having a secured claim against it in the amount of $341,000, which consisted of a first mortgage to Chase Mortgage in the amount of $254,000 and a second mortgage to Webster Bank in the amount of $87,000. Debtors listed the value of the property as $251,446. Subsequently, Chase Mortgage filed a proof of claim for the first mortgage in the amount of $252,803.04 and Webster Bank filed a proof of claim for the second mortgage in the amount of $87,182.23. The chapter 13 model plan the Debtors filed contemporaneously with their petition stated in Section E that Webster Bank's lien would be paid as an unsecured claim.

On September 18, 2012, the Debtors filed the instant adversary proceeding seeking to strip the Defendant's junior lien, alleging that the amount of the first mortgage exceeded the value of the property. The Debtors attached a comparative market analysis to their complaint, which indicated a probable net sales price of $251,446 after deducting estimated charges of $26,411. On November 5, 2012, an interior appraisal was completed on the property at the request of Webster Bank. The appraisal determined that the value of the property was $260,000. On November 30, 2012, this Court entered an order requiring both parties to file valuation documents. On January 7, 2013, Debtors filed another comparative market analysis which indicated a probable net sales price of $233,057 after deducting estimated total charges of $25,443.

On January 25, 2013, the Defendant filed the instant motion for summary judgment. The Defendant asserts that (1) the hypothetical costs of sale cannot be deducted when determining value pursuant to 11 U.S.C. §506; (2) the Debtors' appraisals indicate a fair market value which exceeds the first mortgage; and (3) because the fair

- 3 -

market value of the property exceeds the first mortgage, Debtors may not strip the Defendant's lien. The Debtors filed a response. The material facts are undisputed, putting these issues properly before the court for summary judgment.

**II.    Discussion**

The issue of whether hypothetical costs of sale should be deducted when determining value under 11 U.S.C. §506 is an issue of first impression in this court. This issue turns on section 506(a)(1), which provides, in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. *Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.*

11 U.S.C. §506(a)(1) (emphasis added). This court agrees with other circuits in concluding that hypothetical costs of sale should not be deducted when determining value under section 506(a). *See In re Taffi*, 96 F.3d 1190 (9th Cir. 1996); *In re McClurkin*, 31 F.3d 401 (6th Cir. 1994); *In re Jones*, 152 B.R. 155 (Bank. E.D. Mich. 1993). When a Chapter 13 debtor intends to retain property subject to a lien, the purpose of valuation under section 506(a) is not to determine the amount the creditor would receive if it had to hypothetically foreclose on the property. *In re Taffi*, 96 F.3d 1190, 1192 (9th Cir. 1996). Instead, if the debtor's proposed plan includes retention of the property, the valuation is determined by the amount the creditor will receive for debtor's continued possession. *Id.* Hypothetical sale costs are not to be considered because no sale is intended. *Id.*

Here, Debtors filed a Chapter 13 plan under which Debtors will continue to make

- 4 -

payments to Chase Bank on the first mortgage. Moreover, the Chapter 13 plan does not provide for surrender of the residence. As in *Taffi*, hypothetical costs should not be considered in this case because no sale of the property is intended.

Since hypothetical costs of sale should not be deducted, the next issue is whether Defendant has a secured lien on the property such that the lien may not be stripped off. The anti-modification clause of 11 U.S.C. §1322(b) prevents a debtor from changing the rights of a creditor whose claims are secured only be a security interest in the debtor's principal residence. 11 U.S.C. §1322(b)(2). However, the anti-modification protections may not be available to a creditor that has a junior lien on the property where the amount due to the senior lien holder is greater than the value of the property, i.e. a wholly unsecured mortgage. *See In re Pond*, 252 F.3d 122 (2nd Cir. 2001); *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000); *In re Bartee*, 212 F.3d 277 (5th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002); *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).

According to the valuations offered by the Debtors and Defendant, Defendant has a secured lien on the property. If the Court adds the deducted charges to the Debtors' valuations, the value of the property becomes $277,857 under the Debtors' first valuation or $258,500 under the Debtors' second valuation. Alternatively, Defendant's valuation shows that the property is worth $260,000. The amount due to Chase, the senior lien holder, is $252,803.04 under its proof of claim. Given that all valuations determine that the value of the property is greater than the amount due to Chase under its proof of claim, Defendant has a secured claim on the property. If the claim is fully secured or only secured to the extent of one cent, the entire claim cannot be modified. *In re Waters*, 276

B.R. 879, 884 (Bankr. N.D.Ill. 2002) (citing to *Nobleman v. American Savings Bank*, 508 U.S. 324 (1993)). Therefore, Defendant's junior lien is secured and cannot be stripped off.[2]

### III. Conclusion

Hypothetical costs of sale should not be deducted when determining valuation under section 506(a). It is undisputed that the estimated value of the property, $277,857, $258,500, and $260,000 respectively, exceeds the amount owed on the first mortgage, $252,803.04. Consequently, Defendant's junior lien is secured and should not be stripped off. Therefore, Webster Bank's motion for summary judgment is GRANTED.

Dated: March 8, 2013

                                                        Hon. Bruce W. Black
                                                      U.S. Bankruptcy Judge

---

[2] The issue of whether a wholly unsecured junior lien may be stripped off is not addressed in this opinion. The Seventh Circuit Court of Appeals has not directly ruled on the issue. The cases addressing this issue in the Northern District of Illinois go both ways. *Compare In re Barnes*, 207 B.R. 588 (Bankr. N.D.Ill. 1997) (following minority view that 11 U.S.C. 1322(b)(2) prohibits stripping off wholly unsecured mortgages) *with In re Waters*, 276 B.R. 879 (Bankr. N.D.Ill. 2002)(following majority view that wholly unsecured mortgages may be stripped off).